United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 01, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHVOLT AB, *et al.*,[1] | Case No. 24-90577 (ARP) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 588 |

**ORDER (I) DISMISSING CERTAIN OF THE DEBTORS'
CHAPTER 11 CASES, (II) APPROVING PROCEDURES FOR DISMISSAL
OF THE REMAINING CASE, AND (III) GRANTING RELATED RELIEF**

Upon the *Debtors' Motion for Entry of an Order (I) Dismissing the Debtors' Chapter 11 Cases (II) Approving Procedures for Dismissal of the Remaining Case, and (III) Granting Related Relief* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) dismissing (i) the Affiliate Cases immediately upon the entry of the Order and (ii) the Remaining Case upon filing the Notice of Dismissal and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that all of the Professionals have acted in good faith throughout these chapter 11 cases,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Northvolt. The location of Debtor Northvolt AB's principal place of business is Alströmergatan N 20, 112 47 Stockholm, Sweden; the Debtors' service address in these chapter 11 cases is Northvolt AB c/o Stretto, Inc. 410 Exchange, Suite 100, Irvine, CA 92602.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. Pursuant to sections 305(a) and 1112(b) of the Bankruptcy Code, the following Affiliate Cases are hereby dismissed; *provided* that this Court shall retain jurisdiction in accordance with the terms of this Order:

| Northvolt AB | 24-90577 |
|---|---|
| Cuberg, Inc. | 24-90578 |
| Northvolt Ett AB | 24-90579 |
| Northvolt Ett Fastighetsförvaltning AB | 24-90580 |
| Northvolt Labs AB | 24-90581 |
| Northvolt Poland sp. z.o.o. | 24-90582 |
| Northvolt Revolt AB | 24-90583 |
| Northvolt Systems AB | 24-90584 |

2. The Committee is hereby dissolved and each Committee member and its employees or agents and each of the Committee's Retained Professionals are hereby released from all rights and duties from or related to the chapter 11 cases; *provided*, that the Committee shall continue in existence until the Remaining Case is dismissed in accordance with paragraphs 4 and 5 hereof and shall have standing and the right to be heard for the following limited purposes: (i) applications, and any relief related thereto, for compensation by the Committee's

Retained Professionals and requests for allowance of fees and/or expenses under section 503(b) of the Bankruptcy Code and (ii) any appeals of, or related to, (a) the Order or (b) any other appeal to which the Committee is a party.

3. All other pending motions in these chapter 11 cases are moot and all future hearings scheduled on such motions are cancelled.

4. The Remaining Case of NV Texas, LLC, Case Number 24-90576, shall remain open pending the filing of the Notice of Dismissal that the following conditions to dismissal have been satisfied:

    (a) The Debtors shall have paid all quarterly fees due and owing in the chapter 11 cases to the U.S. Trustee pursuant to 28 U.S.C. § 1930.

    (b) The Debtors shall have transferred the funds reserved in connection with the Carve Out, as approved and defined in the Final DIP Order and Final Cash Collateral Order to an interest-bearing escrow account maintained in trust solely for the Retained Professionals and Lender Professionals. The payment of fees and expenses of the Lender Professionals shall be in addition to, and shall not reduce, the amount of fees and expenses required to be paid to the Retained Professionals from the Carve Out pursuant to the Final DIP Order and the Final Cash Collateral Order.

    (c) All Professionals shall have filed final fee applications no later than May 1, 2025 (unless exempted from such requirement pursuant to the Final Cash Collateral Order or the Final DIP Order) for the Compensation Period,[3] and orders shall have been entered by the Court on each application. If any objections are filed and unresolved, the Court shall hold a hearing on the final fee applications as soon as practicable, subject to the Court's availability. As soon as reasonably practicable thereafter, the Professionals' approved fees and expenses shall have been paid in full from the Professional Fee Escrow Account.

5. Upon the Debtors' filing of the Notice of Dismissal, the following shall be deemed to occur effective immediately:

    (a) The Remaining Case shall be dismissed.

---

[3] For the avoidance of doubt, the Retained Professionals shall not be required to file monthly fee statements in respect of any fees and expenses incurred on or after March 1, 2025.

   (b)  The retention of each of the Retained Professionals shall terminate, without the need for further action on the part of this Court, the Debtors, or such professionals. Upon such termination, the Retained Professionals shall have no further obligation to advise the Debtors in connection with the chapter 11 cases or future developments that may have a bearing on the chapter 11 cases.

  6.  The clerk shall designate on the dockets of the Affiliate Cases that the cases are now being administered under the Remaining Case.

  7.  The following caption, which satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code, shall be used in the Remaining Case going forward:

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NV TEXAS, LLC | ) Case No. 24-90576 (ARP) |
| | ) |
| | ) (Formerly Jointly Administered Under |
| Debtor. | ) Lead Case Northvolt AB, Case No. 24-90577) |
| | ) |

  8.  Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, findings, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of the chapter 11 cases, including, without limitation, the Prior Orders, shall remain in full force and effect, shall be unaffected by the dismissal of the Debtors' chapter 11 cases, and are specifically preserved for purposes of finality of judgment and *res judicata*; *provided*, *however*, that the Bar Dates set pursuant to the Bar Date Order shall no longer be applicable, including for purposes of the Prior Orders.[4]

---

[4] All parties' rights are reserved regarding any future scheduling of the Bar Dates.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and of this Order and the requirements of Bankruptcy Rules 2002(a) and 6004(a) and the Bankruptcy Local Rules are satisfied by such notice, and no further notice of this Order or the Notice of Dismissal shall be required.

10. Upon the Debtors' filing of the Notice of Dismissal, Stretto's appointment as claims and noticing agent is thereby terminated. For the avoidance of doubt, Stretto's engagement agreement shall remain in full force and effect and subject to paragraph 2(c) of this Order, Stretto may seek payment from the Professional Fee Escrow Account for fees and expenses incurred in connection with this Order.

11. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court shall retain exclusive jurisdiction and power to hear and determine all matters, claims, or disputes arising from or related to the implementation, interpretation, and enforcement of this Order, the transactions contemplated herein, and any other order of this Court entered in the chapter 11 cases, including the Final DIP Order and Final Cash Collateral order, which shall survive dismissal of the Debtors' chapter 11 cases as set forth above.

Signed: April 01, 2025

Alfredo R Pérez
United States Bankruptcy Judge